IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FABIAN LEONARDO INCIARTE RIVERO,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, LINCOLN COUNTY JAIL, TODD BLANCHE, Acting U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement;<br><br>Respondents. | 8:26CV262<br><br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Fabian Leonardo Inciarte Rivero's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held by Respondents. Respondents argue Petitioner is not entitled to a bond hearing and is properly detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I.   BACKGROUND

Petitioner is a native and citizen of Venezuela. Filing No. 6 at 5. He presented himself at the United States at the Calexico Port of Entry on March 6, 2024. *Id.* According to Respondents, he was found to be "amenable to removal" because he was not in possession of an unexpired visa but was nevertheless paroled into the United States and given a Notice to Appear in Immigration Court. *Id.* Petitioner filed an application for asylum on August 30, 2024. *Id.* at 6.

1

Petitioner attended his scheduled immigration hearing on October 22, 2025, where ICE officers were waiting to arrest him. *Id.* at 5–6. At the hearing, the Immigration Judge asked Petitioner about the basis for his asylum application. Filing No. 10-1 at 4. Petitioner reported that he was being extorted by gangs, including threats of death and arson. *Id.* at 5–6. He also reported being tied up and beaten up and having to go to the doctor due to his injuries on one occasion. *Id.* at 6. When asked its position on the case, DHS replied, "I'm gonna ask for a dismissal." *Id.* at 7. The Immigration Judge granted this request, stating:

> Number one, there's a case right on point dealing with gangs and extortion that says you're not eligible for relief based on that. Number two, you have to show a very high level of harm to show what's called past persecution. And even considering the one incident you talked about, you haven't met that to show persecution. Even low-level harm that you talked about doesn't [sic] to the level of persecution under the law. I just don't think you're eligible for any type of relief. But sir, I will note that you can talk to an asylum officer and anyone you wanna ask about removal proceedings. There are procedures for this.
>
> But sir, I'm gonna dismiss your case without prejudice. You'll be put in expedited removal proceedings. My understanding is I will reserve your right to appeal based on what you just told me.

*Id.* at 8.

At the Immigration Court, Petitioner was taken into ICE custody, Respondents allege he was "served a Notice and Order of Expedited Removal Form (I-860)." Filing No. 4 at 3. However, the "order of removal" portion of the expedited removal form is not signed by an immigration officer, is not signed by a supervisory officer,[1] is not signed by the Petitioner, and its certificate of service is undated and unsigned. Filing No. 10-3 at 1.

---

[1] The form states "supervisory concurrence was obtained by telephone or other means (no supervisor on duty)" but does not otherwise explain its incompleteness. Filing No. 10-3 at 1.

Petitioner timely appealed the dismissal of his asylum application to the Board of Immigration Appeals. Filing No. 10-4 at 1–5. In its response to Petitioner's appeal, DHS recounted that it had moved to dismiss the proceedings "pursuant to 8 CFR § 1239.2(c) and 8 CFR § 239.2(7)." Filing No. 10-4 at 26. These regulations provide the basis for DHS to voluntarily dismiss removal proceedings on the basis that "[c]ircumstances of the case have changed after the notice to appear was issued to such an extent that continuation is no longer in the best interest of the government." 8 C.F.R. § 239.2(a)(7). The government continued, "DHS is unopposed to the respondent's appeal. DHS respectfully requests reversal of the IJ's October 22, 2025, order dismissing the respondent's proceedings and respectfully requests the Board remand the respondent's case for further INA § 240 proceedings." Filing No. 10-4 at 26. INA § 240 proceedings are removal proceedings. See 8 U.S.C. § 1229a. The parties contend the appeal remains pending before the BIA.

Petitioner seeks a writ of habeas corpus ordering Respondents to release him. Filing No. 1.

## II.  STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.    ANALYSIS

Respondents' position and presentation of the facts have been, at best, confusing. Despite initially representing that Petitioner had been ordered removed by an expedited removal order, Respondents then produced an incomplete expedited removal order form that had not been executed, signed, or served on Petitioner.  Furthermore, while the Immigration Judge appeared to dismiss Petitioner's asylum claim on its merits for alleging only gang violence, on appeal DHS contended it had moved for voluntary dismissal of Petitioner's case, not dismissal of the asylum petition.  Additionally, before the BIA, DHS concurred in remanding the case to the immigration court to continue removal proceedings.  Thus, despite the complicated and, at times, unclear procedural history, the Court concludes Petitioner is in a similar position to other noncitizens who have been detained, denied a bond hearing, and are awaiting removal proceedings.

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A).  Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country.  Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026).  Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth

4

Circuit Court of Appeals have agreed.  *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed.  The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry.  The undersigned recently determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976).  *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026).  For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case.

The Court finds Petitioner must be released.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . ..  The typical remedy for such detention is, of course, release.").  Should Respondents choose to re-detain Petitioner, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community.  Importantly, because Respondents previously deemed it appropriate to parole Petitioner into the country without bond or conditions, Respondents must explain what has changed about Petitioner's circumstances so as to justify his detention now.

THEREFORE, IT IS ORDERED

1.  Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2.  Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.

3.  Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4.  Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on June 29, 2026.**

5.  Should Respondents seek to re-detain Petitioner pursuant to a warrant, they must afford him a prompt bond determination hearing as described herein.

6.  Petitioner is ordered to attend all hearings and proceedings in the immigration court.

Dated this 24th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

6